## FARMERS' MUTUAL FIRE INSURANCE CO. v. WILLIAM BOWEN.

### *Waiver of Forfeiture of Insurance.*

Where a mutual insurance company imposes forfeiture in case a loss occurs while its assessments are still unpaid, but its local agent receives past due assessments with knowledge of a loss and forwards them to the company without notifying them of it, and they receive them and two or three weeks afterward order the loss to be paid when adjusted, they cannot afterward refuse payment on the ground of the delay in paying the assessments, since they have waived that by receiving them when over due and ordering payment.

A note written by plaintiff's attorney before suit, and expressing the opinion that defendant is not liable, is not admissible in evidence for the defense.

Error to St. Clair.     Submitted November 21, 1878. Decided January 14, 1879.

ASSUMPSIT.     Defendant brings error.

*O'Brien J. Atkinson* and *Atkinson & Atkinson* for plaintiff in error.     Waiver of legal rights will not be lightly implied, *Allemania F. Ins. Co. v. Hurd,* 37 Mich., 11; *Bird v. Hamilton,* Walk. Ch., 371; *Gault v. Van Zile,* 37 Mich., 22; *Cromer v. Platt,* id., 132; intent is an element of waiver, *Hibernia Ins. Co. v. O'Connor,* 29

Mich., 241. By-laws are as binding as state laws on members of the company (*Cummings v. Webster*, 43 Me., 197; *Came v. Brigham*, 39 Me., 38) and may be changed so as to bind previous members, *Shrick v. St. Louis Building Co.*, 34 Mo., 423.

*Brown & Farrand* for defendant in error cited as to waiver of forfeiture, *Young v. Mutual Life Ins. Co.*, 2 Sawyer, 325; *Bowman v. Agricultural Ins. Co.*, 59 N. Y., 521; *Ins. Co. v. Twining*, 12 Kansas, 475; *O'Reilly v. Guardian Mutual Life Ins. Co.*, 3 Thomp. & C. (N. Y.), 487: 1 Hun, 460; *Roehner v. Knickerbocker Ins. Co.*, 4 Daly, 512; as to notice and preliminary proof, *Unthank v. Travelers' Ins. Co.*, 4 Bissell, 357; *Rly. Passr. Ins. Co. v. Burwell*, 44 Ind., 460; *McMaster v. Ins. Co. of North America*, 55 N. Y., 222; *Winnesheik Ins. Co. v. Schueller*, 60 Ill., 465; *McComas v. Covenant Mutual Life Ins. Co.*, 56 Mo., 573; *Bush v. Westchester Fire Ins. Co.*, 2 Thomp. & C. (N. Y.), 629; *Franklin Ins. Co. v. Chicago Ice Co.*, 36 Md., 102; *Taylor v. Roger Williams Ins. Co.*, 51 N. H., 50; *Killips v. Putnam Ins. Co.*, 28 Wis., 472; *McBride v. Republic Ins. Co.*, 30 Wis., 562; *Hartford Insurance Co. v. Walsh*, 54 Ill., 164; *Owen v. Farmers' Joint Stock Insurance Co.*, 57 Barb., 518; *Madsden v. Phœnix Insurance Co.*, 1 S. C. (N. S.), 24; *Home Insurance Co. v. Cohen*, 20 Grat., 312; *West Rockingham Ins. Co. v. Sheets*, 26 Grat., 854; as to the validity of assessments, *The Pacific Ins. Co. v. Guse*, 49 Mo., 329; *Slater Ins. Co. v. Barstow*, 8 R. I., 343; *Planters' Ins. Co. v. Comfort*, 50 Miss., 662; as to payment of premium to agents, *Morey v. N. Y. Life Ins. Co.*, 2 Wood, 663; as to suspension of policy for non-payment of premium, *Joliffe v. Madison Mutual Ins. Co.*, 39 Wis., 111. An assessment can only be valid when laid under the conditions stated in the charter. *Long Pond Ins. Co. v. Houghton*, 6 Gray, 77; *Atlantic Ins. Co. v. Fitzpatrick*, 2 Gray, 279; *Thomas v. Whallon*, 31 Barb., 172; *In re Bangs*, 15 id., 264; *Am. Ins. Co. v. Schmidt*, 19 Ia., 502;

*Savage v. Medbury*, 19 N. Y., 32; *Bangs v. Duckinfield*, 18 N. Y., 592; *Stow v. Wadley*, 8 Johns., 124; *Bangs v. Gray*, 2 Kern., 477; *Devendorf v. Beardsley*, 23 Barb., 656; *Appleton Mutual Fire Ins. Co. v. Jesser*, 5 Allen, 446; *Ohio Mutual Ins. Co. v. Marietta Woolen Factory*, 3 Ohio St., 348.

COOLEY, J. The defendant in error in 1865 effected with the plaintiffs in error an insurance upon his house and household furniture, subject to the payment of such assessments as should be made by the company from year to year to meet losses suffered and expenses incurred. In February, 1875, the house and furniture were destroyed by fire. At that time there were two unpaid assessments of which defendant in error had been notified. One of the by-laws of the company provided that where the assessments were thus over-due and unpaid, the assured should forfeit all claims against the company for any loss or damage sustained during the delinquency. Immediately after the fire Bowen paid up the assessments to the local agent of the insurance company, who received the amount with knowledge of the loss, but forwarded the money to the company without mentioning the fire of which the officers at that time had received no notice from any other quarter. March 16, 1875, the board of directors of the insurance company adopted a resolution "that the secretary and chairman of the board of directors be instructed to draw an order on the treasurer in favor of William Bowen for the amount of Bowen's loss, on the recommendation of the auditing board, when said loss is adjusted."

It would seem that after this resolution nothing was open but the question of the amount of loss. The company had received payment of the assessments, and waived any objection to the delay in paying them in the most formal manner possible. Yet on the second of April following the board passed another resolution that they did not consider the company liable on account of

the non-payment of the assessments.    An adjustment of the loss was therefore refused.

The circuit judge was quite right in holding the company bound by its reception of the assessments and recognition of the loss.    The technical objections made on the trial are either unimportant, or they have no merit in point of law.    A letter from plaintiff's attorney, written before suit was brought, was offered in evidence, apparently to show that he did not suppose the company was liable, but what importance his opinion could have in the case we are not informed, and the circuit judge was unable to discover.    Very properly he excluded its being submitted to the jury.

The judgment must be affirmed with costs.

The other Justices concurred.