(675 P.2d 372)
No. 55,463

MONTY RICHMEIER, *Plaintiff/Appellee,* v. THOMAS W. WILLIAMS, *Third-Party Plaintiff/Appellant,* v. USAA CASUALTY INS. CO., *Third-Party Defendant/Appellee.*

Opinion filed January 26, 1984.

*Allen Shelton,* of Clark & Shelton, P.A., of Hill City, for the third-party plaintiff/appellant.

*Selby S. Soward,* of Soward, Foust & Vignery, of Goodland, for third-party defendant/appellee.

Before FOTH, C.J.; TERRY L. BULLOCK, District Judge, assigned; and FREDERICK WOLESLAGEL, District Judge, Retired, assigned.

FOTH, C.J.: This is an appeal from an order of summary judgment in favor of an insurance company that failed to defend under an automobile liability policy.

On October 28, 1978, Thomas Williams acquired automobile liability coverage under an assigned risk policy written by USAA Casualty Insurance Company. The policy was for a one-year term from October 28, 1978, to October 28, 1979. Williams failed to make the quarterly premium payment due on January 28, 1979.

On April 7, 1979, Williams had an automobile accident in which his passenger, Monty Richmeier, was injured. Richmeier sued Williams; USAA Casualty refused to defend contending that the policy had lapsed. Williams filed a third party petition against USAA Casualty praying for reimbursement of any judg-

ment against him up to policy limits plus legal fees and expenses.

USAA Casualty moved for summary judgment on the ground that the policy had been cancelled at the time of the accident. The insurance company presented an affidavit showing that it mailed a notice of cancellation to Williams on February 6, 1979, stating that the policy would be cancelled on March 12, for nonpayment of premium. Williams filed an affidavit stating that he never received a notice of cancellation. The trial court granted summary judgment in favor of USAA Casualty. Williams filed a motion for rehearing on the motion for summary judgment which the court denied on February 26, 1983. The matter went to trial on the issue of liability and damages, and judgment was entered against Williams in the amount of $35,000. Williams appeals the order granting summary judgment to USAA Casualty and the order denying his motion for rehearing.

In granting summary judgment, the trial court found that the dispute over whether the company had in fact given notice of cancellation to Williams did not constitute an issue of material fact because K.S.A. 40-3118(b) does not require notice of cancellation for nonpayment of premiums. While the trial court's reading of K.S.A. 40-3118 is correct, we find that notice to the insured was required by the language of the policy.

The statute regarding notice of cancellation exempts cancellation for nonpayment of premium from its 30-day notice of cancellation requirement. K.S.A. 40-3118(b). The statute does not specify any other notice period for such cancellation, so no notice to the insured is required by statute. This, however, does not relieve USAA Casualty of its contractual obligations under the policy.

Insurance is a matter of contract, and the courts will uphold whatever terms the parties choose to employ that are not in conflict with pertinent statutes or public policy. *Gibson v. Metropolitan Life Ins. Co.*, 213 Kan. 764, 770, 518 P.2d 422 (1974). An insurer may grant rights to its insured in excess of those provided by statute, and if it does, it is bound by its policy. *Howard v. Farmers Ins. Co.*, 5 Kan. App. 2d 499, Syl. ¶ 2, 619 P.2d 160 (1980). This is precisely what USAA Casualty has done.

The "easy reading auto policy" issued to Williams stated that the policy might be cancelled during the policy period "by

mailing to the named insured . . . at least 10 days notice . . . if cancellation is for nonpayment of premium." It went on to provide that "[p]roof of mailing of any notice shall be sufficient proof of notice." Hence, under the policy, notice was required for cancellation. The question then is whether proof of mailing is conclusive proof of notice.

In *Koehn v. Central National Ins. Co.*, 187 Kan. 192, 354 P.2d 352 (1960), the Court construed substantially the same language to mean that notice must actually be received by the insured before the policy may validly be cancelled. 187 Kan. at Syl. ¶ 1; 199-202. In so holding, the Court noted that the majority of jurisdictions require only proof of mailing (187 Kan. at 196-97), but our Court specifically adopted a minority rule based on a distinction in policy language between "sufficient" and "conclusive" proof (187 Kan. at 200). In further support of its reasoning, the Court stated that to hold otherwise would contravene the public policy of this state. 187 Kan. at 202-203. The passage of K.S.A. 40-3118(*b*) subsequent to the decision in *Koehn* simply removed the public policy reason for the holding; it left intact the Court's interpretation of the meaning of the policy language. Consequently, by presenting proof of mailing, USAA Casualty set up a rebuttable presumption of receipt by Williams. Williams' affidavit, if believed, rebutted the presumption by stating that he never received notice. This raises a genuine issue of material fact which renders the summary judgment improper.

The fact that Williams' policy was an assigned risk policy does not dilute the force of *Koehn*. The basis of the *Koehn* decision was the meaning of the language of the policy. The intent of the insurer or the circumstances surrounding the issuance of the policy were not taken into account. Nothing in the *Koehn* opinion suggests that the policy language in question has a different meaning when contained in an assigned risk policy.

USAA Casualty promised in its policy to give actual notice of cancellation to Williams, and under *Koehn* that meant receipt of the notice by Williams. Whether the notice was given and received is a material question of fact. The question is unresolved; therefore summary judgment was not proper.

Reversed and remanded for further proceedings.