No. 58,418

NATHAN FELDT, *Appellant*, v. UNION INSURANCE COMPANY, BETTY J. VANEK, and KANSAS DEPARTMENT OF REVENUE, *Appellees*.

(726 P.2d 1341)

Opinion filed October 31, 1986.

*Robert L. Feldt*, of Great Bend, argued the cause and was on the brief for appellant.

*Jerry M. Ward*, of Ward & Berscheidt, of Great Bend, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

HERD, J.: This is an appeal from a district court order granting summary judgment to the appellee Union Insurance Company. The Court of Appeals reversed the trial court in an unpublished *per curiam* decision filed May 15, 1986, and we granted review. The facts are not in dispute and are as follows:

On April 5, 1984, Nathan Feldt made application to Union Insurance Company (Union) for the issuance of a motor vehicle liability policy. On the application, Feldt gave his address as Route 3, Bissell Point, Great Bend, Kansas, 67530, and stated that his driver's license had never been revoked or suspended.

On April 26, 1984, Union issued a motor vehicle liability insurance policy to Feldt; the policy period extended from April 5, 1984, to October 5, 1984. The policy was cancelled by Union on June 1, 1984, when it discovered Feldt's driving record which contained, among other things, numerous speeding violations, a DWI conviction, and a traffic sign violation. Feldt's record also showed his license had been suspended on more than one occasion. Notice of cancellation was mailed by United States

Post Office certificate of mailing to Nathan Feldt, Route 3, Bissell Point, Great Bend, Kansas, 67530.

Seven weeks after notice of termination of insurance was mailed to Feldt, he was involved in an automobile collision with Betty Vanek on July 21, 1984, in the city of Great Bend. He reported to the investigating officers that his name and address were Nathan Feldt, Route 3, Bissell Point, Great Bend, Kansas, 67530.

Feldt later filed an affidavit in which he stated that on June 1, 1984, he was a full-time student using his parents' address as his mailing address. He further alleged that in late May and early June 1984, his parents were vacationing out of the country and he was staying at a "rural address" near Chase, Kansas. Consequently, Feldt claims he never received the notice of cancellation mailed by Union. He does not contend the notice was not delivered to his listed address. Rather, he simply argues he did not personally receive the notice.

Feldt sought a declaratory judgment from the district court that the policy of automobile liability insurance was not effectively cancelled. The district court granted summary judgment in favor of Union, and held that Kansas law does not require actual notice of cancellation be received unless the policy language provides otherwise. The court further found that the policy provided it would be cancelled by compliance with the law of the insured's state in effect at the time the policy was issued and that the insurance company had complied with the provisions of the policy.

The Court of Appeals reversed the district court and held that the insured must actually receive the notice of cancellation before a policy can be validly cancelled. We granted review.

The only issue on appeal is whether notice of cancellation of a motor vehicle liability insurance policy must be actually received by the insured before the policy is validly cancelled. Let us examine the relevant policy provision. It provides:

"TERMINATION
"Cancellation. This policy may be cancelled during the policy period as follows:
    "1. The named insured shown in the Declarations may cancel by:
        "a. returning this policy to us; or
        "b. giving us advance written notice of the date cancellation is to take effect.
    "2. We may cancel by mailing to the named insured shown in the Declarations at the latest address filed with us by or on behalf of the named insured:

"a. at least 10 days notice if cancellation is for nonpayment of premium;
"b. at least 30 days notice in all other cases.
"We may not cancel the liability and personal injury protection coverage unless we:
"a. mail notice to the named insured by certified or registered mail or United States post office certificate of mailing; and
"b. give the director of vehicles notice of cancellation on or before the date of cancellation."

The district court, after an examination of the policy, determined Union complied with its terms by mailing notice of cancellation to Feldt by United States Post Office certificate of mailing to the last address provided by Feldt.

In reversing the district court and holding that notice of cancellation must actually be received by the insured, the Court of Appeals relied on *Koehn v. Central National Ins. Co.*, 187 Kan. 192, 354 P.2d 352 (1960), and *Richmeier v. Williams*, 9 Kan. App. 2d 222, 675 P.2d 372 (1984).

In *Koehn*, the insurance company mailed notice of cancellation to the insured at the policy address, yet the policy holder claimed he never received the notice. The policy contained the following "standard cancellation clause:"

" '. . . This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. *The mailing of notice as aforesaid shall be sufficient proof of notice* . . . the effective date and hour of cancellation stated in the notice shall become the end of the policy . . . .' (Emphasis added.)" 187 Kan. at 193.

The *Koehn* court first noted that the "clear weight of authority" in this country concerning the standard cancellation clause holds that actual receipt of the cancellation notice by the insured is *not* a condition precedent to a cancellation of the insurance by the insurer. 187 Kan. at 196. However, the court then took a minority approach and construed the standard cancellation clause to require actual receipt of the cancellation notice by the policy holder. 187 Kan. at 199-202. The court further supported its view by noting that it would be a violation of public policy of this state to hold that actual receipt of cancellation is not required. 187 Kan. at 202-03.

A review of numerous cases discussed in a recent annotation on this topic confirms that the rule adopted by this court in *Koehn* is still the minority rule. Annot., 40 A.L.R. 4th 867.

Fourteen years after this court issued its opinion in *Koehn*, the

Kansas Legislature enacted K.S.A. 40-3118(b). While this statute has been amended on numerous occasions since its adoption, in June of 1984 (when Union mailed notice of cancellation to Feldt) the statute, now found at K.S.A. 1985 Supp. 40-3118(b), provided in relevant part:

"[N]o motor vehicle liability insurance policy, or any renewal thereof, shall be terminated by cancellation or failure to renew by the insurer until at least 30 days after mailing a notice of termination, by certified or registered mail or *United States post-office certificate of mailing*, to the named insured at the latest address filed with the insurer by or on behalf of the insured. Time of the effective date and hour of termination stated in the notice shall become the end of the policy period."

Thus, in order for a motor vehicle liability insurance policy to be effectively terminated, the insurer need only mail notice of termination by certified or registered mail or United States Post Office certificate of mailing to the insured at the last address provided by the insured. The statute clearly does not require the insurer to provide proof of actual receipt by the insured.

In the instant case, the policy provisions mirrored the statutory requirements. Union complied with these requirements by mailing notice of cancellation by United States Post Office certificate of mailing to Nathan Feldt at the last address provided by Feldt.

This case is this court's first opportunity to reconsider *Koehn* in light of K.S.A. 1985 Supp. 40-3118(b). It is obvious the legislature chose to reject the common-law (and minority) rule requiring actual receipt of notice of cancellation by the insured by enacting the foregoing statute. However, Feldt urges us to find that the enactment of 40-3118(b) did not change the common-law rule in Kansas. In support of his theory, he cites *Richmeier v. Williams,* 9 Kan. App. 2d 222. In the present case the Court of Appeals found Feldt's argument persuasive and relied primarily upon *Richmeier* in reversing the district court's decision.

In *Richmeier*, the Kansas Court of Appeals relied upon *Koehn* and construed an insurance policy requiring notice to the insured before cancellation for nonpayment of premiums to require actual receipt of the notice by the insured to make the cancellation effective. 9 Kan. App. 2d 222, Syl. ¶ 3. However, *Richmeier* is inapplicable to the instant case. As the Court of Appeals specifically noted in *Richmeier*, K.S.A. 40-3118(b) exempts cancellation for nonpayment of premium from its 30-day

notice of cancellation requirement. Moreover, since the statute does not specify any other notice period for such cancellation, no notice to the insured is required by statute. Consequently, any construction of K.S.A. 40-3118(b) in *Richmeier* constitutes dicta since the statute is inapplicable to its facts.

Under the constitution the Legislature is charged with statutorily enunciating public policy. If such statute is constitutional and unambiguous, we are bound by the statute under the separation of powers. The constitutionality of K.S.A. 1985 Supp. 40-3118(b) is unchallenged and its terms rejecting the *Koehn* rule clear and unambiguous. The notice mailed by Union to Feldt complied with the statute. Thus, the trial court properly granted summary judgment in favor of Union.

Though not raised on appeal, the appellant argued in oral argument that his policy was not effectively cancelled because the insurer failed to give notice of cancellation to the director of vehicles as required by the policy provisions. The general rule is that where the appellant fails to brief an issue, that issue is waived or abandoned. *Puritan-Bennett Corp. v. Richter*, 235 Kan. 251, 255, 679 P.2d 206 (1984). Accordingly, we decline to consider this issue.

The judgment of the district court is affirmed and the judgment of the Court of Appeals is reversed.