GLASS v THE HARVEST LIFE INSURANCE COMPANY

Docket No. 89082. Submitted May 5, 1987, at Grand Rapids. Decided February 3, 1988.

The Harvest Life Insurance Company issued a policy on the life of Ronnie Glass, with Gayle Glass as the named beneficiary. The policy provided for the payment of annual premiums by February 7 and a grace period of thirty-one days thereafter, during which, if the insured died with a premium payment past due, the proceeds would be paid as long as payment was made within the grace period. The policy further provided that, if payment was not made by the end of the grace period, the policy was to be terminated as of the premium due date. In 1984, Ronnie Glass did not remit a premium payment by the February 7 due date or within the thirty-one day grace period. Harvest Life sent a letter to Ronnie Glass informing him that the policy would be continued if payment was made and an enclosed "late payment" card was executed within twenty days of the last day of the grace period. Ronnie Glass died on March 30, 1984, without payment being made by March 29, 1984, the last date for acceptance of the twenty-day late payment offer. On March 31, 1984, an agent of Harvest Life was notified of the death. On April 3, 1984, Harvest Life received a check dated March 21, 1984, and recorded the policy as current. Harvest Life subsequently denied a claim on the policy by Gayle Glass, who then brought an action in the St. Joseph Circuit Court, alleging wrongful retention of insurance benefits. The trial court, James P. Noecker, J., granted summary disposition in favor of defendant and dismissed the action. Plaintiff appealed.

The Court of Appeals held:

The trial court did not err in concluding that any extension of the grace period was conditional and that neither condition, payment of the premiums or execution of the late payment card, was met within the twenty-day period of the special offer.

REFERENCES

Am Jur 2d, Insurance §§ 910 et seq., 1574, 1576, 1648.

Insurer's acceptance of defaulted premium payment or defaulted payment on premium note, as afffecting liability for loss which accurred during period of default. 7 ALR3d 414.

The policy therefore terminated when the decedent failed to pay the premium within the contractual grace period. However, under the circumstances in this case, the trial court erred in concluding that defendant had not waived its right to assert that the policy had lapsed.

Reversed and remanded for entry of a judgment for plaintiff.

INSURANCE — LAPSE — WAIVER.

An insurer which unconditionally accepts a premium with knowledge of a loss may be found to have waived its right to assert that the policy has lapsed.

*Bauckham, Reed, Lang, Schaefer, Sparks & Rolfe, P.C.* (by *Philip D. Schaefer* and *Lynda E. Thomsen*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *James D. Adkins*), for defendant.

Before: CYNAR, P.J., and SAWYER and J. S. THORBURN,* JJ.

PER CURIAM. This case arises out of a life insurance policy issued by defendant Harvest Life Insurance Company to Ronnie Glass, now deceased, as the insured, naming his wife, plaintiff Gayle Glass, as the beneficiary. The policy was issued on February 5, 1981, with annual premiums due on February 7. The policy provided for a grace period of thirty-one days after the premium due date. If the insured died during the grace period, the proceeds were still payable. If the premium was not paid by the end of the grace period, the policy was to be terminated as of the premium due date.

In 1984, the decedent failed to remit his annual premium. Following expiration of the grace period, defendant sent a letter to the decedent explaining that the policy would be continued if the premium was paid and the enclosed "Late Payment" card

* Circuit judge, sitting on the Court of Appeals by assignment.

was signed. This offer was valid for twenty days following expiration of the contractual grace period. Execution of the card certified that the insured was alive.

During the period of the late payment offer, plaintiff received a phone call from defendant urging her to continue the policy by taking advantage of the offer. Plaintiff indicated she would probably send the check at the first of the month (April 1). The caller responded that plaintiff should send the late payment card with the check. On March 29, 1984, the day after the late payment offer expired, two of defendant's agents visited the Glass residence. They called to inquire about the premium and, if possible, pick up the check. Plaintiff again indicated that the check would be sent the first of the month.

Decedent died March 30, 1984, without the premium having been paid. On March 31, 1984, the decedent's brother called the defendant's agent and informed him of the death. The local agent communicated this fact to his manager. It is disputed whether the agent then knew that the premium was still unpaid and whether the agent suggested that the check be sent in.

Decedent's brother directed his wife to mail a predated check of March 21, 1984, to defendant in payment of the premiums owing on both his policy and that issued to the decedent. Defendant cashed the check and recorded both policies as current. Defendant did not forward the documents to its customer service department for review as was its practice when a premium was postmarked more than thirty-one days after the due date.

On May 17, 1984, plaintiff claimed the benefits of the policy. Defendant denied plaintiff's claim in July. Plaintiff brought suit for wrongful retention of the insurance benefits. Defendant moved for

summary disposition. MCR 2.116(C)(8) and (10). Plaintiff opposed the motion and prayed alternatively that summary disposition be granted in her favor. MCL 2.116(I)(2). The trial court granted defendant's motion and dismissed the suit.

A

Plaintiff contends that the court erred in concluding that any extension of the grace period was conditional. We disagree.

The policy terminated when the decedent failed to pay the premium within the contractual grace period. *Fowler v United Benefit Life Ins Co,* 300 Mich 329, 342; 1 NW2d 561 (1942). Defendant made the decedent a special offer which would allow uninterrupted coverage if the premium was paid and the late payment card executed by March 28, 1984. This special offer expired without either condition being met. There is no evidence that the agents who contacted the plaintiff agreed to extend the grace period or to permit decedent's acceptance of the special offer without execution of the late payment card.

B

Plaintiff contends that the court erred in concluding that the doctrine of waiver by acceptance was inapplicable. We agree.

Waiver is the intentional relinquishment of a known right. *Weller v Manufacturer's Life Ins Co,* 256 Mich 532, 536; 240 NW 34 (1932). An insurer which unconditionally accepts a premium with knowledge of a loss may be found to have waived its right to assert the policy lapse. *Weller, supra; Farmers' Mutual Fire Ins Co v Bowen,* 40 Mich 147 (1879). The doctrine applies to an insurer who,

with knowledge of the insured's death, accepts and retains a premium tendered to cover the loss. *Ramirez v Metropolitan Life Ins Co,* 580 P2d 1136 (Wy, 1978). The premium must be promptly returned upon learning that death preceded payment.

Defendant knew the policy had lapsed and knew on March 29, 1984, that the late payment offer had expired without acceptance by plaintiff. Defendant's agent was informed of the insured's death on March 31, 1984. Defendant received the pre-dated premium on April 3, 1984, deposited it without the normal review process being followed, and made no investigation until plaintiff's claim was submitted. On this record defendant waived its right to assert the policy lapse.

Reversed and remanded for entry of a judgment for the plaintiff.