## AUTO CLUB INSURANCE ASSOCIATION v DENNIE

Docket No. 121995. Submitted January 8, 1991, at Grand Rapids. Decided February 7, 1991; approved for publication April 19,. 1991, at 9:00 A.M.

Auto Club Insurance Association brought an action in the Ionia Circuit Court against Donald L. Dennie, seeking a declaration that the defendant was not insured on August 2, 1987, when his automobile struck and injured a pedestrian. The court, Charles W. Simon, Jr., J., found that a policy provided by the plaintiff to the defendant had lapsed on June 19, 1987, when the defendant failed to submit a late payment by July 9, 1987. It further found that the policy was not reinstated when the plaintiff cashed a check for the late payment sent by the defendant's mother and received on July 31, 1987. The plaintiff subsequently sent the defendant and his mother a refund check on August 5, 1987, with a notation that the policy had been cancelled. The defendant appealed.

The Court of Appeals *held:*

The defendant's opportunity to reinstate the policy ended on July 9, 1987. The plaintiff's acceptance of the defendant's mother's check was part of its ordinary business procedure, was not accompanied by an unreasonable delay, and was not unconditional. The plaintiff was not estopped from denying coverage on the basis that the policy had lapsed for nonpayment.

Affirmed.

Insurance — Lapse — Waiver — Retention of Premiums.

An insurer is bound to provide coverage or is estopped from denying coverage where its acceptance of a premium is accompanied by an unjustifiable delay or where the acceptance of the premium is unconditional; the mere temporary retention of premium payments, without more, is conditional and does not bind the insurer to provide coverage if there is a prompt refund of the premium upon the full facts concerning the status of the policy becoming known to the insurer.

References

Am Jur 2d, Insurance §§ 380, 1652.

See the Index to Annotations under Insurance and Insurance Companies.

*John A. Lydick,* for the plaintiff.

*John W. Ujlaky,* for the defendant.

Before: Gillis, P.J., and MacKenzie and Weaver, JJ.

Per Curiam. Defendant appeals as of right from a declaratory judgment in favor of plaintiff insurer. We affirm.

The facts are essentially undisputed. Defendant's no-fault automobile insurance policy with plaintiff was paid and in effect from December 19, 1986, to June 19, 1987. In May 1987, plaintiff sent defendant a "renewal package" consisting of a renewal declaration certificate, a renewal billing notice, and an insurance certificate. The renewal billing notice contained the following statement at the top of the notice:

> Your policy premium for coverage from 6/19/87 to 12/19/87 is $292.90. This policy will renew only if the balance of $292.90 or a minimum amount of $75.00 is paid by 6/18/87. You will not receive another renewal billing notice.

Defendant did not submit a payment to plaintiff by June 18, 1987.

On June 22, 1987, plaintiff sent defendant a "confirmation of non-renewal," which stated:

> Your policy was not renewed June 19, 1987 due to non-payment of premium. However, if we receive a payment of $146.45 by the close of business on July 9, 1987, your policy will be renewed effective June 19, 1987 with no loss of coverage.

Defendant did not submit a payment to plaintiff by July 9, 1987.

On July 26, 1987, defendant's mother sent plain-

tiff the confirmation of nonrenewal and a check for $146.45.

Plaintiff's employee, Karolina Jackson, testified that plaintiff receives "thousands" of premium payments each day. Plaintiff's ordinary business procedure is to cash all checks received and computer process each payment in plaintiff's cash audit department to determine if the payment is late. If the computer process procedure determines that a payment is late, it is sent the following work day to the insurance services unit of plaintiff's collection department. When that unit receives documentation of a late payment, a refund check is requested and, when issued, is sent to the former insured. A $2 service charge is deducted under certain circumstances.

In this case, defendant's mother's check was received by plaintiff on Friday, July 31, 1987. Notice of the late payment was sent to plaintiff's insurance services unit on Monday, August 3, and a refund check was authorized and ordered. The check, less a $2 service charge, with a notation that the check was issued because defendant's policy had been cancelled, was sent to defendant on August 5, 1987. The check was endorsed by defendant and his mother and cashed on August 16, 1987.

Defendant struck and injured a pedestrian on August 2, 1987.

At trial, plaintiff contended that defendant was not covered on August 2, 1987, because he failed to timely renew his policy. Defendant contended that by accepting defendant's mother's check on July 31, 1987, plaintiff reinstated defendant's insurance policy. The trial court found that "there was no policy of insurance in effect on the date of August 2, 1987, insuring the defendant," because defendant had not timely renewed the policy pursuant

either to the renewal billing notice or to the confirmation of nonrenewal.

On appeal, defendant contends that the trial court erred in finding no coverage because plaintiff received defendant's premium before August 2. Defendant essentially concedes that the policy lapsed when he did not respond to the confirmation of nonrenewal by July 9, 1987, but maintains that plaintiff waived or is estopped from claiming lapse for nonpayment because it "accepted" his premium on July 31. Defendant contends that this "acceptance" reinstated his insurance coverage, at least until August 5, the date the refund check was issued.

An insurer is bound to provide coverage or is estopped from denying coverage where its acceptance of a premium is accompanied by an unjustifiable delay, *Cunningham v Citizens Ins Co,* 133 Mich App 471; 350 NW2d 283 (1984), or where the acceptance of a premium is unconditional, see *Glass v Harvest Life Ins Co,* 168 Mich App 667; 425 NW2d 107 (1988). The mere temporary retention of premium payments, without more, however, is conditional and does not bind the insurer to provide coverage if there is a prompt refund of premium upon the full facts concerning the status of the policy becoming known to the insurer. *Zerilli v Metropolitan Life Ins Co,* 277 Mich 192, 196; 269 NW 140 (1936).

In this case, plaintiff's acceptance of defendant's mother's check was not accompanied by an unreasonable delay. Nor was it an unconditional acceptance. Defendant's opportunity to reinstate the policy ended on July 9, 1987; he did not do so. Because plaintiff was not estopped from denying coverage because of lapse for nonpayment, and because defendant failed to timely reinstate the policy or apply for new coverage, we find no error

in the trial court's determination that defendant was not covered on August 2, 1987.

Affirmed.