(816 P.2d 407)

No. 66,417

ANTHONY V. BELL and KIMBERLY K. BELL, Husband and Wife, *Appellants*, v. PATRONS MUTUAL INSURANCE ASSOCIATION, *Appellee*.

Petition for review denied November 5, 1991.

Opinion filed August 30, 1991.

*W. J. Fitzpatrick*, of Fitzpatrick & Bass, of Independence, for appellants.

*Jack L. Lively*, of Hall, Levy, Lively, DeVore, Belot & Bell, of Coffeyville, for appellee.

Before LEWIS, P.J., ELIOTT, J., and E. NEWTON VICKERS, District Judge, assigned.

ELIOTT, J.: Anthony and Kimberly Bell appeal a summary judgment granted to Patrons Mutual Insurance Association (Patrons) in their suit seeking to recover under an automobile insurance policy.

We affirm and, in the process, overrule *Richmeier v. Williams,* 9 Kan. App. 2d 222, 675 P.2d 372 (1984).

The facts are mostly undisputed. Patrons insured a 1986 Dodge owned by the Bells. A premium installment of $64.07 was due on November 18, 1989. On November 3, 1989, Patrons mailed the Bells a second notice of the installment due on November

18 which the Bells received. On November 27, 1989, a past-due notice was mailed to the Bells.

On December 5, 1989, Patrons mailed a notice of cancellation for nonpayment of premium. The Bells contend they never received the notice, although their local insurance agency (the Felts Agency) received its copy of the notice on December 7, 1989. The lienholder on the Dodge also received its copy of the cancellation notice. The cancellation notice stated the policy would be terminated as of 12:01 a.m. on December 17, 1989.

On December 24, the Bells were involved in an auto accident while driving the 1986 Dodge. The Bells also claim they put a check above the door of the Felts Agency on the night of December 22, which has never been presented for payment and has never been seen again. The Bells make no arguments about the effect of the December 22 check; their appeal is grounded solely on whether the cancellation notice could be effective if they did not actually receive it.

Appellants rely on *Koehn v. Central National Ins. Co.*, 187 Kan. 192, 354 P.2d 352 (1960), and *Richmeier v. Williams*, 9 Kan. App. 2d 222. In *Koehn,* the Supreme Court held that actual receipt of a notice of termination for nonpayment of premium, 187 Kan. at 194, was required for the termination to be effective. The court recognized it was adopting a distinctly minority view as public policy for the state. 187 Kan. at 202-03.

In *Richmeier,* we reviewed a judgment which held that K.S.A. 40-3118(b) does not require actual receipt of notice of cancellation for nonpayment of premiums. We analyzed policy language essentially identical to that involved in the present case and ruled the policy required actual notice although the statute did not. Relying on *Koehn,* we held the insurance company promised actual notice/receipt of the cancellation. By hindsight, we rewrote the insurance policy for the parties in the guise of public policy. See *Stewart v. Preferred Fire Ins. Co.*, 206 Kan. 247, 477 P.2d 966 (1970).

Two other events need to be discussed before analyzing the insurance contract in the present case. First, some 14 years after *Koehn,* the legislature adopted K.S.A. 40-3118(b), which provides that except for termination for nonpayment of premium, no auto liability policy can be cancelled until the insurance company gives

the insured 30 days' notice by certified or registered mail. Manifestly, the statute means that a policy can be cancelled for nonpayment of premium by means *other than* 30 days' notice by certified or registered mail.

The main event in this chronology, however, is the Supreme Court's decision in *Feldt v. Union Ins. Co.*, 240 Kan. 108, 726 P.2d 1341 (1986), decided two years after our decision in *Richmeier*.

In *Feldt*, the trial court ruled that Kansas law does not require the notice of cancellation actually be received by the insured unless the policy language provides otherwise. On appeal to this court, we reversed in an unpublished opinion, holding that actual receipt is necessary for a valid cancellation. 240 Kan. at 109.

On review, the Supreme Court reversed this court and affirmed the trial court, stating that the only issue on appeal was "whether notice of cancellation of a motor vehicle liability insurance policy must be actually received by the insured before the policy is validly cancelled." 240 Kan. at 109. The answer was a unanimous "no."

Along the way, the court in *Feldt*:

a. noted our reliance on *Koehn*, 240 Kan. at 110;

b. noted that *Koehn* remains a minority view, 240 Kan. at 110; and

c. held that our discussion of K.S.A. 40-3118(b) in *Richmeier* was mere dicta. 240 Kan. at 112.

In addition, the *Feldt* court found it "obvious" that the legislature in passing 40-3118(b) chose to reject the minority rule of *Koehn* requiring actual receipt of the notice of cancellation. 240 Kan. at 111. Further, the court noted that since 40-3118(b) does not apply to cancellation for nonpayment of premium, *no notice at all* to the insured is statutorily required in this state. 240 Kan. at 112.

Finally, the court observed that the constitutionality of 40-3118(b) "is unchallenged and *its terms rejecting the Koehn rule clear and unambiguous.*" 240 Kan. at 112. (Emphasis added.)

We read Justice Herd's language in *Feldt* to be equally clear and unambiguous: The *Koehn* rule has been rejected as the public policy of this state.

All of which brings us to the language of the policy in the present case. The policy provided:

"A. Cancellation. . . .

. . . .

"2. We may cancel by *mailing* to the named insured in the Declarations at the address shown in this policy:
"a. at least 10 days notice:
"(1) if cancellation is for nonpayment of premium." (Emphasis added.)

The policy also provided that "proof of mailing of any notice *shall be sufficient proof of notice.*" (Emphasis added.)

We find the policy language to be straightforward, clear, and unambiguous. Accordingly, our function is to enforce the insurance contract as written; we are not free to make another contract for the parties. *E.g., Stewart v. Preferred Fire Ins. Co.*, 206 Kan. 247; *Esfeld Trucking, Inc. v. Metropolitan Insurance Co.*, 193 Kan. 7, 10, 392 P.2d 107 (1964); *Ferguson v. Phoenix Assurance Co.*, 189 Kan. 459, 463, 370 P.2d 379 (1962).

Simply put, we should not strain ourselves to create an ambiguity where, in common sense, there is none. See *Lehman v. State Farm Mutual Automobile Insurance Co.*, 350 F.2d 568, 570 (10th Cir. 1965); *Myers v. Liberty Life Ins. Co.*, 124 Kan. 191, 194-95, 257 Pac. 933 (1927).

In the present case, Patrons followed its policy obligations in cancelling the Bells' policy for nonpayment of premium. Neither statute nor public policy requires the Bells to have actually received the mailed notice of cancellation.

The judgment is affirmed.