(906 P.2d 661)

No. 71,177

SHARON K. EGGLESTON, individually and as heir at law of JAMES M. EGGLESTON, and as representative of the ESTATE OF JAMES M. EGGLESTON, deceased, *Appellant*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., FARM BUREAU MUTUAL INSURANCE COMPANY, INC., and JANET SHARP WAUGH and JOHN SHOCKEY d/b/a SAV-ON AUTO SALES, INC., *Appellees*.

Opinion filed March 17, 1995.

*Donald T. Taylor*, of Robb, Taylor & O'Connor, of Kansas City, and *Timothy D. Hamilton*, of Kansas City, for appellant.

*Paul Hasty, Jr.*, and *Timothy J. Mudd*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for appellees.

Before GERNON, P.J., ELLIOTT, J., and JOHN W. WHITE, District Judge, assigned.

ELLIOTT, J.: Sharon Eggleston sued for the death of her husband; she settled with the underinsured driver of one of the cars involved in the accident and then sued Janet Sharp Waugh and John Shockey, the owners of the car her husband was driving. She also sought underinsured benefits from State Farm (her carrier) and from Farm Bureau (the owners' carrier). The trial court entered summary judgment in favor of all defendants on numerous grounds.

We affirm on a ground not stated by the trial judge entering the final judgment. The original trial judge denied defendants' summary judgment on the issue of the release signed by plaintiff. Defendants raised the issue again before a second trial judge, who simply failed to address the issue because he granted judgment on other grounds. See *Prairie State Bank v. Hoefgen*, 245 Kan. 236, 245, 777 P.2d 811 (1989); *In re Conservatorship of Marcotte*, 243 Kan. 190, 196, 756 P.2d 1091 (1988).

The release signed by plaintiff Eggleston released

"Fred Davis . . . and *all other persons, firms, corporations . . .* of and from *any and all claims*, actions, causes of action, demands, rights, damages, costs, loss of service, expenses, and compensation whatsoever, which [Eggleston] now has/have or which may hereafter accrue on account of or in any way growing out of any and all *known and unknown*, foreseen and unforeseen, *personal injuries* and property damage . . . resulting from the occurrence [of the accident]." (Emphasis added.)

At the time of the settlement, Eggleston knew of all of the participants in the tragic accident. And, of course, the law favors the settlement of disputes. See *Fieser v. Stinnett*, 212 Kan. 26, Syl. ¶ 2, 509 P.2d 1156 (1973).

Knowing of the existence of all of the participants, Eggleston nonetheless released not only Davis, but all other persons, firms, or corporations from any damages arising out of the accident. To us, the release is clear and all encompassing. We should not look for ambiguities or uncertainties where common sense tells us there are none. See *Farm Bur. Mut. Ins. Co. v. Laudick*, 18 Kan. App. 2d 782, 784, 859 P.2d 410, *rev. denied* 253 Kan. 857 (1993); *Bell v. Patrons Mut. Ins. Ass'n*, 15 Kan. App. 2d 791, 794, 816 P.2d 407, *rev. denied* 249 Kan. 775 (1991).

Given Eggleston's knowledge at the time she executed the release, the language of the document expresses an intent to release anyone and everyone involved in the accident. See *Jukes v. North American Van Lines, Inc.*, 181 Kan. 12, 20, 309 P.2d 692 (1957).

Since we feel the release clearly justifies the trial court's granting

of summary judgment, we need not address the reasons stated for awarding the defendants judgment.

Affirmed.