Barbara J. UNRUH, et al., Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant.

No. CIV. A. 97–2663–EEO.

United States District Court, D. Kansas.

April 7, 1998.

Theodore C. Geisert, Geisert, Wunsch & Watkins, Kingman, KS, for Plaintiffs.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's Motion for Summary Judgment (Doc. # 8). For the reasons set forth below, defendant's motion is granted in part and denied in part.

### Factual Background

The following facts are deemed admitted, uncontroverted, or where controverted viewed in the light most favorable to the non-movant pursuant to Federal Rule of Civil Procedure 56 and District of Kansas Rule 56.1. Decedent Phil Unruh was killed in an automobile accident on August 18, 1996. Mr. Unruh was an insurance agent who wrote business with defendant Prudential Property and Casualty Insurance Company (Prudential). The decedent also insured his own automobiles with Prudential, through himself as Prudential representative. The most recent policy covered the period of January 6 to July 6, 1996.

On June 3, 1996, Prudential mailed the decedent an offer to renew his current policy. Mr. Unruh failed to respond to the offer to renew before the July 6 policy expiration date. Defendant mailed a second notice to the decedent on July 8, informing Mr. Unruh that his policy had expired, but providing that he could continue his coverage by submitting payment no later than July 18. July 18 also passed without any tender of payment by Mr. Unruh.

Sometime in early August, the decedent mailed two checks to defendant in payment of the overdue premium. The checks were initially deposited by Prudential and cleared Mr. Unruh's bank account on or about August 12. Prudential ultimately determined not to reinstate the decedent's policy, however, and mailed a reimbursement check to the decedent's home. The reimbursement check and notice of intent not to reinstate the policy were received at the Unruh home on August 19, the day after the accident resulting in decedent's death. Plaintiffs have not cashed the reimbursement check.

Defendant denied insurance coverage for the August 18 accident. Plaintiffs seek a declaratory judgment that the policy was in effect at the time of the accident, alleging that Prudential never properly terminated the policy. Alternatively, plaintiffs argue that Prudential is estopped to deny coverage because its actions misled the decedent to believe the policy remained in effect.

### Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the out-

come of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252, 106 S.Ct. 2505.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D. Kan. Rule 56.1.

### Analysis

Defendant moves for summary judgment, arguing that the decedent permitted the policy to lapse; therefore, there can be no issue of cancellation. Defendant additionally asserts that plaintiffs have cited no law supporting their claim of estoppel.

In a diversity case, a federal court applies the substantive law of the state in which it sits, including choice of law provisions. *See Robert A. Wachsler, Inc. v. Florafax Int'l, Inc.,* 778 F.2d 547, 549 (10th Cir.1985) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). In Kansas, the law of the state where an insurance contract is made controls. *See Safeco Ins. Co. of America v. Allen,* 262 Kan. 811, 822, 941 P.2d 1365, 1372 (1997). The insurance policy in question was issued to a Kansas resident through a Kansas insurance agent, and the court will thus apply Kansas law.

### I. Termination of the Insurance Policy.

█ The lapse or expiration of an insurance policy is distinguishable from a policy cancellation: when the insurer acts to terminate a policy during its term, the policy has been cancelled; when the insured fails to pay a renewal premium before the policy expiration date, however, the policy has lapsed. *See Farmers Ins. Exch. v. Vincent,* 248 Cal. App.2d 534, 56 Cal.Rptr. 775, 780 (1967); *Shelly v. Strait,* 634 P.2d 1017, 1018 (Colo.Ct. App.1981); *Guaranty Nat'l Ins. Co. v. C de Baca,* 120 N.M. 806, 907 P.2d 210, 215 (1995). These principles are consistent with the general rule that a contract which specifies the period of its duration terminates on the expiration of such period. *See Shepard v. United States Fidelity & Guar. Co.,* 210 Kan. 652, 653, 504 P.2d 228, 229 (1972); *Bartlett & Co., Grain v. Curry,* 1 Kan.App.2d 242, 247, 563 P.2d 1096, 1101 (1977) (citing 17 Am.Jur.2d *Contracts* § 486, p. 955).

■ The general rule that an insurance policy lapses if the insured fails to pay the renewal premium before the policy expiration date may be modified by a statutory requirement of notice. *See Transamerica Ins. Co. v. Tab Transp., Inc.*, 12 Cal.4th 389, 48 Cal. Rptr.2d 159, 906 P.2d 1341, 1347 (1995) (finding that carrier statute prohibited lapse in particular case); *Lopez v. New Jersey Auto., Full Ins. Underwriting Ass'n*, 239 N.J.Super. 13, 570 A.2d 994, 995 (1990) (recognizing that insurance policy may lapse if the statutory renewal notice requirements are met). Contractual requirements of notice may also avoid a lapse of the policy. *See Feldt v. Union Ins. Co.*, 240 Kan. 108, 111, 726 P.2d 1341, 1343 (1986). Plaintiffs allege that Prudential failed to comply with the requirements of K.S.A. §§ 40–3101 *et seq.*, K.S.A. §§ 40–276a *et seq.*, and policy provisions. We disagree.

K.S.A. § 40–276a states: "Any insurance company that denies renewal of an automobile liability insurance policy in this state shall give at least thirty (30) days written notice to the named insured . . . ." This statutory provision does not conflict with the principles discussed above. In the instant case, Prudential twice offered to renew the decedent's policy. The second offer of renewal clearly indicated that payment by July 18 was required to continue coverage.[1] The decedent failed to meet this payment deadline, allowing his policy to lapse. We do not believe that Prudential's subsequent decision not to reinstate the policy can be considered a denial of renewal.

K.S.A. § 40–3118(b) provides:

[E]xcept for **termination of insurance resulting from nonpayment of premium** or upon the request for cancellation by the insured, no motor vehicle liability insurance policy, or any renewal thereof, shall be terminated by cancellation or failure to renew by the insurer until at least 30 days after mailing a notice of termination . . . .

(Emphasis added.). By its language, this section does not apply to the termination of a policy for reason of nonpayment of premiums. *See Bell v. Patrons Mut. Ins. Ass'n*, 15 Kan.App.2d 791, 793, 816 P.2d 407, 408 (1991) (citing *Feldt*, 240 Kan. at 111–12, 726 P.2d at 1343–44 (1986)). Thus, this statute is of no help to plaintiffs.

To establish a contractual requirement of notice, plaintiffs point to a provision for "Cancellation By Company" in the policy agreement which requires that written notification be mailed before cancellation by the insurer. However, on the same page of the "Termination" section, the policy provides:

**Nonrenewal By Insured**—When we offer to renew or continue this policy and you do not accept it, coverage will stop at the end of the current policy period. **Your** failure to pay the renewal premium by the date due indicates **your** rejection of **our** renewal offer.

(Pls.' Compl. Ex. A) The latter policy provision, with no notice requirement, is clearly applicable to the facts of this case.

We find that Prudential had neither a statutory or contractual duty to provide the decedent with written notice in this case. The decedent's policy lapsed, and there was no contract for insurance coverage between the parties on the date of the accident. Defendant is entitled to summary judgment as to this issue.

## II. Equitable Estoppel

■ Plaintiffs alternatively argue that defendant is estopped to deny coverage. Estoppel cannot be used to expand or create insurance coverage, but only to forestall forfeiture of coverage. *See Topeka Tent and Awning Co. v. Glen Falls Ins. Co.*, 13 Kan. App.2d 553, 555–556, 774 P.2d 984, 986 (1989). To raise a claim based on equitable estoppel, plaintiffs must be able to prove that (1) Prudential's acts or representations induced the decedent to believe that insurance coverage was in effect at the time of the

1. Plaintiffs argue that the second renewal notice is ambiguous because it indicates that the policy had expired, but that coverage would continue if payment were received. The notice may be ambiguous as to the amount of coverage for the period between expiration of the policy and subsequent receipt of payment. However, we find no ambiguity in the requirement that payment be received by July 18 in order to continue coverage.

accident; (2) that the decedent rightfully relied and acted on that belief; and (3) that the decedent was damaged as a result. *See Federal Kemper Life Assur. Co. v. Ellis*, 28 F.3d 1033, 1041 (10th Cir.1994); *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 383, 855 P.2d 929, 937 (1993). The facts giving rise to such estoppel must be unambiguous and subject to only one construction. *See Hugoton Energy Corp.*, 253 Kan. at 383, 855 P.2d at 929; *Gillespie v. Seymour*, 250 Kan. 123, 129–30, 823 P.2d 782, 788–89 (1991).

Courts in other jurisdictions have held that the mere cashing of a check by an insurance company is not sufficient grounds to invoke estoppel. *See Auto. Club Ins. Ass'n v. Dennie*, 188 Mich.App. 634, 470 N.W.2d 409, 411 (1991) (insurer can retain check for a reasonable time; no estoppel even though check cashed but not refunded on date of accident); *Harris v. Criterion Ins. Co.*, 222 Va. 496, 281 S.E.2d 878, 882 (1981) (mere posting and negotiation of money order did not give rise to estoppel). On the other hand, estoppel may be established by the deposit of a check in combination with other factors. *See Howard v. Motorists Mut. Ins. Co.*, 955 S.W.2d 525, 527 (Ky.1997) (insurer estopped to deny coverage where insured knew the check had been cashed, and the company issued a receipt with policy number, retained money for two weeks, and had accepted late premiums in the past); *Cervone v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 239 N.J.Super. 25, 570 A.2d 999, 1001–03 (1990) (retention of premium payment may have led to estoppel result, depending on surrounding facts; case remanded).

Plaintiffs allege that the checks submitted by the decedent cleared his account prior to the accident. They also argue that the decedent may have contacted a client service number, may have known that the checks cleared his account, and may have had past dealings with defendant that led him to believe his coverage would be reinstated. Equitable estoppel may be appropriate if plaintiffs can establish such additional factors. However, because of Mr. Unruh's death, plaintiffs cannot know whether such facts

exist unless they are given the opportunity to proceed with discovery.[2]

 At this juncture, the court is unwilling to deny plaintiffs an opportunity for discovery regarding the claim of equitable estoppel. However, we caution plaintiffs that Prudential's deposit of the premium checks is not alone sufficient to establish estoppel. *See Harris*, 281 S.E.2d at 882; *Dennie*, 470 N.W.2d at 411. Plaintiffs must be able to prove additional facts in support of estoppel to have any chance of prevailing.

IT IS THEREFORE ORDERED that defendant's Motion for Summary Judgment (Doc. # 8) is granted as to the issue of cancellation and denied as to the issue of equitable estoppel.

---

2. Although this is a motion for summary judgment, the instant case is in its initial stages and discovery has been stayed pending ruling on this motion.