**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Leann M. BRIGGS, individually and as personal representative of the Estate of Melvin L. Briggs; Steven L. Briggs; Bryan W. Briggs; Mark L. Briggs, Defendants–Appellants,**

and

**Letha Geraldine Skivers, Defendant.**

No. 12–3078.

United States Court of Appeals, Tenth Circuit.

Nov. 19, 2012.

Benjamin H. Fadler, Theresa Shean Hall, Manz Swanson & Mulhern, P.C., Kansas City, MO, for Plaintiff–Appellee.

Bert Stephen Braud, Scott W. Mach, Popham Law Firm, Christopher Paul Sweeny, John E. Turner, Turner & Sweeny, Kansas City, MO, David A. Hoffman, Esq., Donald W. Vasos, Esq., Vasos Law Offices, Fairway, KS, for Defendants–Appellants.

Before KELLY, O'BRIEN, and MATHESON, Circuit Judges.

---

## ORDER CERTIFYING STATE LAW QUESTION TO THE SUPREME COURT OF KANSAS

SCOTT M. MATHESON, JR., Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to 10th Cir. R. 27.1 and the provisions of Kan. Stat. Ann. §§ 60–3201 through 3207, requests that the Kansas Supreme Court exercise its discretion and accept the following certified question:

Under Kansas law, is proper notice sufficient to non-renew insurance coverage regardless of whether there is an authorized basis for non-renewal under the policy or Kan. Stat. Ann. § 40–276a?

The answer to this question is likely dispositive in this proceeding before the Tenth Circuit. No Kansas case law appears to provide an answer.

### I.

Nationwide issued a commercial insurance policy to Melvin Briggs d/b/a Briggs Sod Farm on a 2002 Toyota Camry. The policy included uninsured motorist coverage. On September 11, 2008, Mr. Briggs was a passenger in the Toyota Camry. It collided with a vehicle operated by an uninsured motorist. Mr. Briggs died as a result of the injuries he sustained in that accident.

Melvin Briggs's surviving children (Leann M. Briggs, Steven L. Briggs, Bryan W. Briggs, and Mark L. Briggs) made a claim under the Nationwide policy for uninsured motorist benefits. Nationwide denied coverage, asserting that it had non-renewed the policy eight days before the accident. Nationwide then filed an action for declaratory relief against the Briggs children ("defendants"), requesting a judgment declaring that coverage terminated on September 3, 2008.

Nationwide subsequently moved for summary judgment, asserting that it sent a notice of non-renewal on June 27, 2008, that complied with the relevant Kansas statutes and all provisions in the policy as to the timing, delivery method, and required content of the notice. Nationwide further asserted that it did not need to address the reason for non-renewal and that it was entitled to judgment as a matter of law because proper notice effectively terminated coverage.[1]

In response, defendants argued that Nationwide had failed to prove that its reason for non-renewal was authorized by Kan. Stat. Ann. § 40–276a or the policy. The six bases for non-renewal in the policy are substantially the same as those enumerated in § 40–276a. *Compare* Aplt.App. at 126 *with* § 40–276a. Defendants argued that summary judgment was inappropriate because there were disputed issues of fact as to whether Nationwide's reason for non-renewal was permitted by the policy and § 40–276a.

The district court granted summary judgment for Nationwide. The court concluded that Nationwide had complied with the notice requirements for non-renewal and that policy coverage thereby ended effective September 3, 2008.

In response to defendants' argument that disputed facts about Nationwide's reasons for non-renewal should result in an ineffective non-renewal and continuing coverage, the district court noted that the Kansas Supreme Court in *Feldt v. Union Ins. Co.*, 240 Kan. 108, 726 P.2d 1341 (1986) had held that termination is effective at the time of mailing. Because the *Feldt* court did not consider whether the

---

1. Nationwide never gave the reason for non-renewal in its motion, simply noting that it had a "legitimate reason for not renewing the Policy." Aplt.App. at 87 n. 1.

provisions in § 40–276a were satisfied, the district court concluded that questions about the reasons for non-renewal must not be material. The district court explained that it would "not hold for the first time that violations of K.S.A. § 40–276a result in perpetual coverage under Kansas law." Aplt.App. at 281.

On appeal, defendants "admit that Nationwide proved that it complied with the contractual terms which control the timing and method of mailing the *notice* of non-renewal." Aplt. Br. at 13. They assert, however, that "Nationwide did not even attempt to prove, by uncontroverted fact or otherwise, that its alleged non-renewal complied with the terms of the contract that controlled the circumstances under which the policy could be non-renewed." *Id.* Nationwide argues that it does not need to address whether it had an authorized reason for non-renewal because under *Feldt,* "the timely mailing of the Notice to Mr. Briggs effectively non-renewed coverage on September 3, 2008." Aplee. Br. at 17.

In *Feldt,* Mr. Feldt applied for automobile insurance and represented on the application that his driver's license had never been revoked or suspended. 726 P.2d at 1341. The insurance company issued Mr. Feldt an insurance policy, but a short time later it discovered that Mr. Feldt's driver's license had been suspended on more than one occasion. As a result, the insurance company sent Mr. Feldt a notice cancelling the policy. Mr. Feldt was subsequently involved in an automobile accident. He then sought a declaratory judgment that his insurance policy had not been effectively cancelled because he did not receive the cancellation notice. *Id.* at 1342.

Mr. Feldt did not appear to contest the reason for cancellation; instead, his argument focused on whether the insurance company had complied with the notice requirements in the policy and in Kan. Stat. Ann. § 40–3118(b). The Kansas Supreme Court explained that "[t]he only issue on appeal is whether notice of cancellation of a motor vehicle liability insurance policy must be actually received by the insured before the policy is validly cancelled." *Id.* The court concluded that under § 40–3118(b), which mirrored the policy language regarding notice requirements, the insurer need only mail notice of termination to effectively terminate the policy, and actual proof of receipt was not required. *Feldt,* 726 P.2d at 1343.

Defendants assert that Nationwide's reliance on *Feldt* is misplaced because that case focused solely on notice and did not consider the issue presented here as there was no challenge to the reason for cancellation. Defendants argue that *Feldt* "provides no authority for deciding this case" because "[t]his case has nothing to do with the notice; rather, the question is whether Nationwide can effectively non-renew its policy for any reason even though the controlling terms of the policy clearly state that the policy can '*only*' be non-renewed for the reasons set forth in the policy." Aplt. Br. at 22.

Relying on general principles of contract law from *Ochs v. Federated Mutual Insurance Company,* 43 Kan.App.2d 127, 221 P.3d 622, 628 (2010), defendants assert that the terms of the contract preclude Nationwide from non-renewing except in certain limited circumstances, and if Nationwide non-renewed the policy for any reason other than one set forth in the policy or statute, the non-renewal is invalid. They assert that "[b]y overlooking the terms of the contract that control the circumstances under which Nationwide can non-renew the policy, the trial court has rendered those controlling terms meaningless." Aplt. Br. at 13. They seek reversal of the district court's summary judgment

decision and remand for a trial on the merits.

## II.

The question presented appears to be a state law issue of first impression in Kansas. Certifying the question will further the interests of comity and federalism by giving the Supreme Court of Kansas the opportunity to address the question in the first instance. We therefore CERTIFY this question of Kansas law to the Kansas Supreme Court. We greatly appreciate consideration of this request.

The Clerk of this Court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward a copy of this certification order and the briefs filed in this Court to the Supreme Court of Kansas. This appeal is ABATED pending resolution of the certified question.