OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of plaintiff’s motion for summary judgment and defendants’ cross motion for summary judgment. There appear to be no factual issues, *366 only a legal determination regarding the parties’ obligations to cover the subrogee’s loss.
Defendant Hartford issued a homeowner’s insurance policy numbered 12RA898450 to Nicholas Marinelli in June of 1985. The policy expired three years later in 1988, and was renewed for another three years or until June of 1991. By a "Notice of Cancellation or Non-Renewal” dated April 16, 1990 and effective June 14, 1990, Hartford notified Mr. Marinelli that it had decided to cancel his policy. Hartford’s justification for cancellation was Mr. Marinelli’s loss history. To be exact, the form listed the reason as: "9-27-85 wind loss $16,150 paid, 12-2-89 FREEZING OF PLUMBING $10,000 o/S.”
After receiving the notice, Mr. Marinelli proceeded to acquire what he thought was similar replacement coverage through the Patrick Regan Agency. The Regan Agency obtained a homeowner’s policy for Mr. Marinelli through Travelers. Hartford did not receive notice from Mr. Marinelli or the Regan Agency that the policy had been replaced and/or was no longer desired.
On February 9, 1991, Mr. Marinelli sustained another loss. He reported the occurrence to Travelers through the Regan Agency. Travelers disclaimed on the grounds that the loss was not covered by the policy. The Regan Agency then notified its errors and omissions carrier, plaintiff Fireman’s Fund, of the loss on February 11, 1991. The Regan Agency also forwarded a copy of the loss statement to Hartford. That copy had been stamped, presumably by Hartford, with the date of March 29, 1991.
Fireman’s Fund settled the claim with Mr. Marinelli. The settlement consisted of $5,000 from the Regan Agency and a series of payments totaling $166,062.22 from Fireman’s Fund. Plaintiff’s last payment to Mr. Marinelli was made on April 3, 1992. On July 21, 1992, Fireman’s Fund obtained subrogation rights from Mr. Marinelli so as to enable it to pursue a claim against Hartford for the loss payments.
Plaintiff Fireman’s Fund commenced this action against Hartford on February 3, 1993. Defendant Hartford moves for summary judgment. Plaintiff opposes said motion and cross-moves for summary judgment.
Plaintiff relies on section 3425 of the Insurance Law in its position that the defendant is liable for the loss because it improperly canceled the Marinelli policy of insurance. That statute reads:
*367 "(a) (7): With respect to personal lines insurance, 'required policy period’ means a period of three years from the date as of which a covered policy is first issued or is voluntarily renewed * * *
"(e): With respect to personal lines insurance policies, no notice of nonrenewal * * * of a covered policy shall be issued to become effective during the required policy period unless it is based upon a ground for which the policy could have been cancelled.”
Section 3425 (c) (2) lists the circumstances under which an insurer may cancel a policy during the policy period. They include nonpayment of premiums, fraud and criminal conviction, but loss history is not among the permissible reasons for cancellation.
In support of its motion, defendant Hartford argues that it properly terminated Mr. Marinelli’s coverage eight months before the loss at issue occurred. The unavoidable conclusion, however, is that the policy was canceled improperly. Loss history is not a legitimate statutory reason for cancellation.
Hartford argues, alternatively, that both the Regan Agency and Mr. Marinelli were aware that the Hartford coverage had ended. As proof of this, Hartford points out that Mr. Marinelli made no objection to the cancellation at the time and merely replaced the Hartford policy with a policy that he thought offered similar coverage. To that end, Marinelli, relied on the Regan Agency to obtain equivalent replacement coverage for him.
In reply, plaintiff, Fireman’s Fund, asserts that it does not matter if the insured was under the impression that the policy was canceled, but rather that if the policy was improperly canceled, then it continued to remain in force until June 1991, the conclusion of the three-year policy period. In support of this, plaintiff cites to a number of cases where insurance companies had canceled property policies and yet were held liable for losses incurred after improper cancellation.
For example, the Second Department held that "in the absence of an explicit notice of nonrenewal in conformity with the statute * * * an insurance policy remains in effect * * * even in the absence of payments of premiums.” (Zeman v Zack Agency, 75 AD2d 261, 267 [2d Dept 1980].) This is not an isolated ruling (see also, Pallotta v Physician’s Reciprocal Insurers, 137 Misc 2d 223 [Sup Ct 1987]; Victor v Turner, 113 AD2d 490 [2d Dept 1985]). What is clear from the case law is *368 that the notice of cancellation requirements are to be "strictly construed, necessitating literal compliance on the part of the insurer, with any ambiguities being interpreted in favor of the insured.” (Matter of State Farm Mut. Auto. Ins. Co. v Matthews, 74 AD2d 875 [2d Dept 1980].)
The only issue that remains is whether the fact that Mr. Marinelli acquired replacement insurance, or thought he was acquiring equivalent, replacement insurance, was sufficient to constitute waiver of the right to coverage under the Hartford policy for the remainder of the required policy period. In none of the above cases is that issue addressed, as in none of those cases had replacement insurance been purchased.
Had Mr. Marinelli actually acquired equivalent, replacement insurance, the question before the court would be whether the circumstances surrounding the obtaining of the replacement insurance dictate that the loss had, in fact, been undertaken by the replacing insurer. But since that is not the case, and Mr. Marinelli’s loss was not actually covered by the terms of the replacement policy, the former, improperly canceled policy should be available to satisfy the loss. Hartford, therefore, must reimburse plaintiff for its payments made pursuant to the Regan errors and omissions policy.