OPINION OF THE COURT
Harold J. Hughes, J.
Plaintiff insureds commenced this action after their residence burned due to an electrical system failure and the defendant Hartford Accident and Indemnity Company (Hartford) refused to pay more than half of the loss, claiming that pursuant to Insurance Law § 3425, defendants Graphic Arts Mutual Insurance Company and Utica Mutual Insurance Company and its affiliates, the Utica National Insurance Group (Graphic Arts), did not effectively terminate an earlier policy and were, therefore, liable for the other half. The Hartford’s insurance policy is the “equivalent” of Graphic Arts’ policy. Hartford and Graphic Arts have moved for summary judgment as have the plaintiffs. Thus, this action is the first opportunity for answering the question posed in Fireman’s Fund Ins. Co. v Hartford Cas. Co. (162 Misc 2d 365): does a “replacing insurer” have a cause of action against the earlier insurer when the earlier insurance policy was not terminated in accordance with the statutory requirements and a casualty is suffered within the policy period set forth in Insurance Law § 3425?
Insurance Law § 3425 regulates insurers’ efforts to eliminate policyholders, so as to protect the public from having their policies routinely cancelled for improper reasons, such as filing claims based on legitimate losses. When an insurer fails to strictly abide by the statutory requirements for nonrenewal and cancellation, the insurance policy remains in effect, and is available to be recovered on by property owners, even in the absence of any payment of premiums (Victor v Turner, 113 AD2d 490; Zeman v Zack Agency, 75 AD2d 261; Matter of State Farm Mut. Auto. Ins. Co. v Matthews, 74 AD2d 875; Fireman’s Fund Ins. Co. v Hartford Cas. Co., 162 Misc 2d 365, supra). Fireman’s Fund Ins. Co. v Hartford Cas. Co. (supra) establishes that when an insurance company compensates the property owner for an insurance agent’s failure to acquire coverage, it may recover the full amount of its payment against the prior insurer if the prior insurer violated Insurance Law § 3425.
In the absence of any legislative history proscribing Insurance Law § 3425 claims by the replacing insurer, the court concludes that the logic of Fireman’s Fund Ins. Co. v Hartford Cas. Co. (supra) applies as well to the case of an “equivalent *840 policy” and the replacing insurer is entitled to recover against the former insurer as though the original policy remained in effect. Permitting the replacing insurer to prosecute the former insurer serves the public policy behind requiring insurers tó strictly comply with the Insurance Law § 3425 requirements before cancelling or refusing to renew insurance policies. If the rule were otherwise, insurance companies could continue to flout the statute with impunity. Insurance Law § 3425 provides that an improperly terminated policy remains in force and the court finds that the public policy against improper nonrenewals distinguishes this case from those where a policyholder is offered a renewal, and instead of renewing, takes out a policy with another insurer (Otsego Mut. Fire Ins. Co. v Hartford Fire Ins. Co., 67 AD2d 906). Insurers that violate Insurance Law § 3425 should not be permitted to shirk all liability because the injured policyholder was successful in obtaining another policy.
While the replacing insurer, Hartford, is entitled to vindicate plaintiffs’ rights in an action against Graphic Arts, the question of whether Graphic Arts improperly cancelled remains. Graphic Arts now concedes that it could not properly refuse to renew simply based on the fact that plaintiffs suffered a “loss” (Fireman’s Fund Ins. Co. v Hartford Cas. Co., 162 Misc 2d 365, 367, supra). Graphic Arts has failed to give a plausible argument that the reason given for non-renewal “loss 5-9-95” is not, in fact, an impermissible refusal based on “loss”. Even assuming arguendo that Graphic Arts’ statement “loss 5-9-95” is not just what it appears to be, it also is not a legitimate basis for nonrenewal under Insurance Law § 3425. The court rejects Graphic Arts’ artful plea that it be allowed to conjure new rationalizations for nonrenewal because the statutory phrase “based upon a ground” (Insurance Law § 3425 [e]) does not require that the grounds be stated. Graphic Arts’ facility at explaining itself after the fact demonstrates that such an interpretation would effectively nullify Insurance Law § 3425. Consequently, defendant Graphic Arts’ policy remained in effect at the time of the loss, and pursuant to the terms of the Hartford’s and Graphic Arts’ policies, both companies are responsible for covering 50% of the loss. Having improperly attempted to avoid renewing plaintiffs’ policy and then having forced plaintiffs to bear the cost of litigating this case, Graphic Arts has clearly not eliminated any triable issue of fact regarding plaintiffs’ claims for penalties and attorney’s fees, and its motion for summary judgment as to those causes of action must be denied.
*841 Similarly, Hartford unilaterally presumed to pay only a pro rata share at a time when it had contracted to fully cover plaintiffs’ loss, and thereby shifted the burden of commencing this action to its policyholders. Having forced plaintiffs to bear the cost of litigating against Graphic Arts, Hartford has clearly not eliminated any triable issue of fact regarding plaintiffs’ claims for penalties and attorney’s fees, and Hartford’s motion for summary judgment as to those causes of action must be denied.
Hartford, having paid its share of the loss and Graphic Arts having failed to raise triable issues regarding the loss of $580,815.34, plaintiffs’ motion for summary judgment on their first and third causes of action is granted; they are granted judgment declaring that Graphic Arts and Hartford are each responsible for one half of their adjusted loss, and they are granted judgment against Graphic Arts in the amount of $580,815.34 with statutory interest from December 6, 1996. Defendants’ motions are denied.