No. 109,015

NATIONWIDE MUTUAL INSURANCE COMPANY, *Appellee*, v. LEANN M. BRIGGS, Individually and as Personal Representative of the Estate of MELVIN L. BRIGGS; STEVEN L. BRIGGS; BRYAN W. BRIGGS; and MARK L. BRIGGS, *Appellants*, and LETHA GERALDINE SKIVERS, *Defendant*.

(317 P.3d 770)

Opinion filed February 7, 2014.

*Christopher P. Sweeny*, of Turner & Sweeny, of Kansas City, Missouri, argued the cause, and *John E. Turner*, of the same firm, *Donald W. Vasos*, and *David A. Hoffman*, of Vasos Law Offices, of Fairway, and *Bert S. Braud*, of The Popham Law Firm, of Kansas City, Missouri, were with him on the briefs for appellants.

*Theresa Shean Hall*, of Manz Swanson & Mulhern P.C., of Kansas City, Missouri, argued the cause, and *John J. Fogarty*, of the same firm, was with her on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Nationwide Mutual Insurance Company (Nationwide) sued the children of Melvin L. Briggs (collectively the Briggses) in the United States District Court for the District of Kansas, seeking declaratory judgment that it had effectively nonrenewed Melvin's insurance policy before the automobile accident that led to his death. Because Nationwide had complied with statutory and policy requirements for notice of nonrenewal, it was granted summary

judgment. The Briggses appealed to the United States Court of Appeals for the Tenth Circuit, arguing that Nationwide also had to comply with K.S.A. 2012 Supp. 40-276a(a), which sets out permissible reasons for coverage termination.

This case now comes to us from the Tenth Circuit pursuant to the Uniform Certification of Questions of Law Act, K.S.A. 60-3201 *et seq.* The certified question, as worded by the Tenth Circuit, is:

"Under Kansas law, is proper notice sufficient to non-renew insurance coverage regardless of whether there is an authorized basis for non-renewal under the policy or [K.S.A.] 40-276a?"

Because a certified question requires us to conduct purely legal analysis, see *Burnett v. Southwestern Bell Telephone*, 283 Kan. 134, 136, 151 P.3d 837 (2007), we take the liberty of rephrasing the Tenth Circuit's question to clarify the precise legal issue presented:

Is notice to nonrenew an insurance policy that complies with the *procedure* set out in K.S.A. 2012 Supp. 40-3118(b) and the policy sufficient to force a lapse of coverage, regardless of whether a proper *substantive* basis for nonrenewal exists under K.S.A. 2012 Supp. 40-276a(a) and the policy?

We answer this clarified certified question: "Yes."

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2007, Nationwide issued an automobile insurance policy covering a 2002 Toyota Camry to Melvin, d/b/a/ Briggs Sod Farm, which contained a provision for uninsured motorist coverage. Nationwide sent Melvin a notice of nonrenewal of the policy on June 27, 2008, effective September 3, 2008. Neither party disputes that the notice was sent and received. On September 11, 2008, Melvin was a passenger in the Toyota Camry when it was involved in a collision with a vehicle driven by an uninsured motorist. Melvin died as a result of the injuries he sustained in the collision.

The Briggses filed a claim under the Nationwide policy for uninsured motorist benefits. Nationwide denied the claim, asserting that the policy had lapsed 8 days before the accident. Nationwide then filed this declaratory judgment action.

In its motion for summary judgment, Nationwide asserted that it had satisfied the statutory and policy requirements for effective

notice of nonrenewal. The Briggses opposed the motion for summary judgment, arguing that Nationwide had failed to demonstrate that its reason for nonrenewal was authorized by both K.S.A. 2012 Supp. 40-276a(a) and the policy, thus leaving open a genuine issue of material fact for resolution at trial. In response, Nationwide argued that the existence of a permissible ground for nonrenewal was irrelevant to the effectiveness of its notice. Federal District Magistrate Judge David J. Waxse agreed with Nationwide and granted summary judgment in its favor. Judge Waxse stated that he would "not hold for the first time that violations of K.S.A. § 40-276a result in perpetual coverage under Kansas law." *Nationwide Mut. Ins. Co. v. Briggs*, No. 11-CV-2119-JTM-DJW, 2012 WL 928088, at *6 (D. Kan. 2012) (unpublished opinion).

On appeal to the Tenth Circuit, the Briggses admitted that Nationwide complied with statutory and policy notice requirements. They continued to argue, however, that Nationwide must also have complied with both K.S.A. 2012 Supp. 40-276a(a) and the policy's permissible reasons for nonrenewal before any nonrenewal could be valid.

## DISCUSSION

"This court exercises unlimited review over certified questions which, by definition, are questions of law." *Eastman v. Coffeyville Resources Refining & Marketing*, 295 Kan. 470, 473, 284 P.3d 1049 (2012). " 'The answer to a certified question must be based on [Kansas] precedent, not on federal rulings interpreting Kansas law.' [Citation omitted.]" *Burnett*, 283 Kan. at 136.

The question presented also involves statutory interpretation, which raises "a question of law over which appellate courts have unlimited review." *Graham v. Herring*, 297 Kan. 847, 855, 305 P.3d 585 (2013). "The most fundamental rule of statutory construction is that legislative intent governs if it is ascertainable." *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). "When a statute is plain and unambiguous, a court merely interprets the language as it appears; a court is not free to speculate and cannot read into the statute language not readily found there." *State v. King*, 297 Kan. 955, 972, 305 P.3d 641

(2013). Only if the statutory language "is ambiguous does a court rely on any revealing legislative history, background considerations that speak to legislative purpose, or canons of statutory construction." *King*, 297 Kan. at 971-72.

To the extent the certified question also calls upon us to interpret the clear language of the insurance policy, it also raises a question of law reviewable de novo. See *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 32, 200 P.3d 419 (2009). Further, "insurance is a matter of contract and the parties have the right to employ whatever terms they wish, and courts will not rewrite them, so long as those terms do not conflict with pertinent statutes or public policy." *Gibson v. Metropolitan Life Ins. Co.*, 213 Kan. 764, 770, 518 P.2d 422 (1974). "[W]here a policy of insurance is issued to an insured in compliance with the requirement of a statute, the pertinent provisions of the statute must be read into the policy, and no provisions of the policy in contravention of the statute can be given effect." *Missouri Medical Ins. Co. v. Wong*, 234 Kan. 811, 819, 676 P.2d 113 (1984). Our Court of Appeals has said that "nothing precludes the insurer from granting terms more favorable to the insured than that required by statute." *Howard v. Farmers Ins. Co.*, 5 Kan. App. 2d 499, 506, 619 P.2d 160 (1980), *rev. denied* 229 Kan. 670 (1981).

K.S.A. 2012 Supp. 40-276a(a) provides in pertinent part:

"Any insurance company that denies renewal of an automobile liability insurance policy in this state shall give at least 30 days written notice to the named insured, at his last known address, or cause such notice to be given by a licensed agent of its intention not to renew such policy. No insurance company shall deny the renewal of an automobile liability insurance policy except in one or more of the following circumstances . . . :

(1) When such insurance company is required or has been permitted by the commissioner of insurance, in writing, to reduce its premium volume in order to preserve the financial integrity of such insurer;

(2) when such insurance company ceases to transact such business in this state;

(3) when such insurance company is able to show competent medical evidence that the insured has a physical or mental disablement that impairs his ability to drive in a safe and reasonable manner;

(4) when unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by the company at the initial issuance of the policy or the last renewal thereof;

(5) when the policy has been continuously in effect for a period of five years. Such five-year period shall begin at the first policy anniversary date following the effective date of the policy, except that if such policy is renewed or continued in force after the expiration of such period or any subsequent five-year period, the provisions of this subsection shall apply in any such subsequent period; or

(6) when any of the reasons specified as reasons for cancellation in K.S.A. 40-277 are existent, except that (A) when failure to renew is based upon termination of agency contract, obligation to renew will be satisfied if the insurer has manifested its willingness to renew, and (B) obligation to renew is terminated on the effective date of any other automobile liability insurance procured by the named insured with respect to any automobile designated in both policies."

The language of Melvin's policy was consistent with K.S.A. 2012 Supp. 40-276a(a), setting forth the same limited list of permissible reasons for nonrenewal in section 2.b of his policy.

The Kansas statutes also set general procedural requirements for nonrenewal of an automobile insurance policy. K.S.A. 2012 Supp. 40-3118(b) states in pertinent part:

"[E]xcept for termination of insurance resulting from nonpayment of premium or upon the request for cancellation by the insured, no motor vehicle liability insurance policy, or any renewal thereof, shall be terminated by cancellation or failure to renew by the insurer until at least 30 days after mailing a notice of termination, by certified or registered mail or United States post office certificate of mailing, to the named insured at the latest address filed with the insurer by or on behalf of the insured. Time of the effective date and hour of termination stated in the notice shall become the end of the policy period."

This statutory provision had its matching counterpart in Melvin's policy in sections 2.a and 3.

In short, K.S.A. 2012 Supp. 40-276a(a) and the policy language prohibited Nationwide from denying renewal of Melvin's insurance policy except under certain enumerated circumstances. The Briggses contend that, as a consequence of statute and policy language, coverage continued unless and until a permissible ground for denying renewal had "accrued," regardless of Nationwide's compliance with K.S.A. 2012 Supp. 40-3118(b) and its matching policy language. The Briggses' argument equates K.S.A. 2012 Supp. 40-276a(a) and its policy equivalent to a procedural requirement that must be satisfied before a policy can be effectively non-renewed.

In contrast, Nationwide argues in essence that K.S.A. 2012 Supp. 40-276a(a) and its policy equivalent set out a list of substantive prohibitions on certain actions by the insurer, unrelated to any procedural requirements for nonrenewal of an insured's policy. In Nationwide's view, if the notice requirements of K.S.A. 2012 Supp. 40-3118(b) were satisfied, the policy lapsed on the effective date. If no permissible substantive reason for nonrenewal existed, then a violation of K.S.A. 2012 Supp. 40-276a(a) and a breach of contract occurred. Remedies for either or both may be pursued, but the notice was still effective to prevent coverage from continuing.

The Briggses rely on our discussion in *Feldt v. Union Ins. Co.*, 240 Kan. 108, 726 P.2d 1341 (1986), to support their argument for continued coverage. In that case, we addressed the procedural requirements of K.S.A. 1985 Supp. 40-3118(b) in the context of whether an insured must actually receive the statutorily required notice or mere sending of the notice is sufficient for effective cancellation. We held that the plain language of K.S.A. 1985 Supp. 40-3118(b) "clearly does not require the insurer to provide proof of actual receipt by the insured." 240 Kan. at 111. Although, the Briggses infer from *Feldt* that the insurer's failure to comply with the statute would have meant the policy remained in effect, this leap is not supported by the decision. Unlike the present case, *Feldt* addressed the legally distinct situation of insurance policy cancellation rather than nonrenewal. Moreover, the existence or nonexistence of a permissible substantive reason for cancellation was not at issue in that case. *Feldt* involved only whether the procedural requirements of notice were met, and here we have no dispute that they were.

The Briggses also rely on caselaw from other jurisdictions to support their position on the effect of K.S.A. 2012 Supp. 40-276a(a). But the statutory frameworks of those jurisdictions are distinguishable from the one created by our legislature, because those jurisdictions explicitly require the substantive reason for nonrenewal to be included in the notice of nonrenewal. Compare Fla. Stat. § 627.728(4)(a) (2011) ("reasons for refusal to renew must accompany such notice"); Me. Rev. Stat. Ann. tit. 24-A, § 2917 (2013 Supp.) ("The reason or reasons for the intended nonrenewal

action must accompany the notice of intent not to renew . . . ."); Mo. Rev. Stat. § 379.118.1(3) (2013) (notice shall state reason for insurer's decision not to renew); N.Y. Ins. Law § 3425(d)(1) (Mc-Kinney 2014 Supp.) ("The specific reason . . . for nonrenewal . . . shall be stated in or shall accompany the notice."); and with K.S.A. 2012 Supp. 40-3118(b) (no such requirement). Under such a framework, failure to strictly comply with the procedures to terminate a policy has resulted in continuing coverage. See *Fireman's Fund v. Hartford*, 162 Misc. 2d 365, 367, 616 N.Y.S.2d 874 (1994) (" '[I]n the absence of an explicit notice of nonrenewal in conformity with the statute . . . an insurance policy remains in effect . . . even in the absence of payments of premiums.' [Citation omitted]."). Such a failure may include the absence of a permissible reason for nonrenewal. See *Iaia v. Graphic Arts Ins. Co.*, 175 Misc. 2d 838, 840, 670 N.Y.S.2d 683 (1997) (policy remains in effect where impermissible reason given by insurance company for refusing to renew policy). Continuing coverage arises not solely from the substantive violation, but from a failure to strictly comply with the procedural requirements. See *State Farm Mut. Auto. Ins. v. Yung Shik Na*, 123 A.D.2d 873, 874, 879, 507 N.Y.S.2d 474 (1986) (insurance company that provided justifiable ground for terminating policy in notice under no obligation to prove veracity of stated reasons for nonrenewal); *cf. Nassau Ins. Co. v Hernandez*, 65 A.D.2d 551, 552, 408 N.Y.S.2d 956 (1978) (stated reason for nonrenewal not actual reason for nonrenewal, notice of cancellation therefore ineffective).

The Briggses rely on *Harrison v. Farmers & Bankers Life Ins. Co.*, 163 Kan. 277, 181 P.2d 520 (1947), and *Geier v. Eagle-Cherokee Coal Mining Co.*, 181 Kan. 567, 313 P.2d 731 (1957), to support their argument that language in Melvin's policy required that a permissible ground for nonrenewal must actually exist before nonrenewal could be effective. But both cases are legally distinct.

In *Harrison*, this court addressed the procedure for terminating an insurance policy in the context of how the proceeds of an endowment life insurance policy should be paid out. We did not address, as we do here, the procedure for an insurer to deny renewal of an insurance policy.

In *Geier*, a case involving the cancellation of a mining lease, there was no question that the lease had terminated. Nevertheless, the terms under which the lease terminated would determine what, if anything, was still owed to the lessor by the lessee. The case does not, as the Briggses suggest, stand for the proposition that an insurance policy remains in effect—potentially indefinitely—until a ground for nonrenewal has accrued.

In short, neither Kansas statutes nor the language in Melvin's policy requires a statement of a permissible substantive reason for nonrenewal in the notice to make the notice procedurally effective. Nationwide strictly complied with the statutory and policy procedural notice requirements, and coverage lapsed on September 3, 2008.

This does not mean that the Briggses are necessarily without a remedy. If Nationwide lacked a permissible substantive reason to refuse to renew Melvin's policy, then it violated K.S.A. 2012 Supp. 40-276a(a) and breached the contract of insurance. The violation and breach occurred at the moment of the wrongful nonrenewal— *i.e.*, while the policy was still in force. Nationwide would be liable for any damages caused by its breach.

In addition, if Nationwide violated the substantive provisions of K.S.A. 2012 Supp. 40-276a(a), it may be subject to administrative penalties under the Unfair Trade Practices Act, K.S.A. 40-2401 *et seq.*

CONCLUSION

We answer the clarified certified question from the Tenth Circuit: "Yes." Notice to nonrenew an insurance policy that complies with the procedure set out in K.S.A. 2012 Supp. 40-3118(b) and a consistent provision in the policy itself is sufficient to effectively nonrenew coverage, regardless of whether there is a permissible substantive basis for nonrenewal under K.S.A. 2012 Supp. 40-276a(a) and consistent policy language. However, if an insurer violates the substantive provisions of the statute and/or the policy, an insured may pursue a remedy for breach of contract, and the insurer may be subject to administrative penalties under the Unfair Trade Practices Act, K.S.A. 40-2401 *et seq.*