FILED
United States Court of Appeals
Tenth Circuit

February 13, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NATIONWIDE MUTUAL INSURANCE
COMPANY,

Plaintiff-Appellee,

v.

LEANN M. BRIGGS, individually and as
personal representative of the Estate of
Melvin L. Briggs; STEVEN L. BRIGGS;
BRYAN W. BRIGGS; MARK L.
BRIGGS,

Defendants-Appellants,

and

LETHA GERALDINE SKIVERS,

Defendant.

No. 12-3078
(D.C. No. 2:11-CV-02119-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendants Leann M. Briggs, Steven L. Briggs, Bryan W. Briggs, and Mark L. Briggs appeal from the district court's decision granting summary judgment in favor of plaintiff Nationwide Mutual Insurance Company. We have jurisdiction over this diversity case pursuant to 28 U.S.C. § 1291, and we affirm.

## I.  BACKGROUND

Nationwide issued a commercial insurance policy to Melvin Briggs d/b/a Briggs Sod Farm on a 2002 Toyota Camry. The policy included uninsured motorist coverage. On September 11, 2008, Melvin Briggs was a passenger in the Toyota Camry that collided with a vehicle operated by an uninsured motorist. Mr. Briggs died as a result of the injuries he sustained in that accident.

Defendants, the children of Melvin Briggs, made a claim under the Nationwide policy for uninsured motorist benefits. Nationwide denied coverage, asserting that it had non-renewed the policy eight days before the accident. Nationwide then filed this action for declaratory relief, requesting a judgment declaring that coverage terminated on September 3, 2008.

Nationwide subsequently moved for summary judgment, asserting that the notice of non-renewal sent on June 27, 2008 complied with the relevant Kansas statutes and all provisions in the policy as to the timing, delivery method, and required content of the notice. It argued that the notice of non-renewal terminated coverage and that Nationwide therefore was entitled to judgment as a matter of law.

In response, defendants argued that Kansas law and the policy prohibit non-renewal of coverage except in limited circumstances and that Nationwide had failed to prove that its reason for non-renewal was authorized by the policy and Kansas law.

The district court granted summary judgment for Nationwide. The court concluded that Nationwide complied with the requirements for notification of non-renewal and that policy coverage thereby ended effective September 3, 2008. The court further determined that any alleged factual disputes about the reasons for non-renewal were not material. This appeal followed.

Because this appeal involved an unsettled area of Kansas law, we abated the appeal and certified a question to the Kansas Supreme Court. That court slightly rephrased our question[1] as follows: "Is notice to nonrenew an insurance policy that complies with the *procedure* set out in K.S.A. 2012 Supp. 40-3118(b) and the policy sufficient to force a lapse of coverage, regardless of whether a proper *substantive* basis for nonrenewal exists under K.S.A. 2012 Supp. 40-276a(a) and the policy?" *Nationwide Mut. Ins. Co.*, ___ P.3d ___, 2014 WL 497067, *1 (Kan. Feb. 7, 2014). The court answered: "Yes." *Id*. at *2. We thank the Kansas Supreme Court for its

---

[1] Our initial question was: "Under Kansas law, is proper notice sufficient to non-renew insurance coverage regardless of whether there is an authorized basis for non-renewal under the policy or Kan. Stat. Ann. § 40-276a?" *Nationwide Mut. Ins. Co. v. Briggs*, 491 F. App'x 931, 932 (10th Cir. 2012).

careful consideration of our certified question. We lift the abatement and proceed to the merits of the appeal.

## II. **DISCUSSION**

We review de novo the district court's summary judgment decision. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Id.*

In its motion for summary judgment, Nationwide asserted it was entitled to judgment because it complied with all provisions in the policy and Kansas law "as to notice timing, delivery method and required content" for non-renewal. Aplt. App. at 86. Nationwide never gave the reason for non-renewal in its motion, simply noting that it had a "legitimate reason for not renewing the Policy." *Id.* at 87 n.1.

On appeal, defendants admit that Nationwide complied with the statutory and policy notice requirements. They argue, however, that Nationwide "failed to prove by uncontroverted fact that it non-renewed the policy for any of the reasons permitted by its policy or by statute." Aplt. Br. at 21. Under these circumstances, they contend the non-renewal was invalid and coverage did not terminate under the contract. They assert that summary judgment was inappropriate because, "[a]t a minimum, there is a

fact issue as to whether Nationwide non-renewed the policy for a reason permitted by its policy and the statute." *Id.*

In its answer to the certified question, the Kansas Supreme Court explained:

Notice to nonrenew an insurance policy that complies with the procedure set out in K.S.A. 2012 Supp. 40-3118(b) and a consistent provision in the policy itself is sufficient to effectively nonrenew coverage, regardless of whether there is a permissible substantive basis for nonrenewal under K.S.A. 2012 Supp. 40-276a(a) and consistent policy language.

*Nationwide*, ___ P.3d ___, 2014 WL 497067, at *6.

Nationwide complied with the statutory and policy notice requirements in nonrenewing the policy and—based on the foregoing passage—it is not relevant here whether Nationwide had a permissible substantive basis for nonrenewal. Accordingly, coverage under the policy terminated on September 3, 2008, and the district court properly granted summary judgment in favor of Nationwide.[2]

---

[2] We note, however, the Kansas Supreme Court's following statement:

If Nationwide lacked a permissible substantive reason to refuse to renew Melvin's policy, then it violated K.S.A.2012 Supp. 40–276a(a) and breached the contract of insurance. The violation and breach occurred at the moment of the wrongful nonrenewal— *i.e.*, while the policy was still in force. Nationwide would be liable for any damages caused by its breach.

In addition, if Nationwide violated the substantive provisions of K.S.A.2012 Supp. 40–276a(a), it may be subject to administrative penalties under the Unfair Trade Practices Act, K.S.A. 40–2401 *et seq*.

*Nationwide*, ___ P.3d ___, 2014 WL 497067, at *6.

- 5 -

## III.  **CONCLUSION**

We affirm the judgment of the district court.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge