### In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION.

**Carlene M. Craig, et al., Plaintiffs–Appellants,**

v.

**Fedex Ground Package System, Inc., Defendant–Appellee.**

No. 10–3115.

United States Court of Appeals, Seventh Circuit.

July 8, 2015.

Beth A. Ross, Attorney, Leonard Carder, Oakland, CA, for Plaintiff–Appellant.

J. Timothy Eaton, Attorney, Taft Stettinius & Hollister LLP, Chicago, IL, Jonathan Hacker, Attorney, O'Melveny & Myers LLP, Washington, DC, for Defendant–Appellee.

Before EASTERBROOK, ROVNER, and TINDER, Circuit Judges.

PER CURIAM.

This appeal is from the MDL court's grant of summary judgment to FedEx Ground Package System, Inc., and denial of summary judgment to the plaintiffs, holding that the plaintiff drivers were independent contractors as a matter of law under the Kansas Wage Payment Act (KWPA), Kan. Stat. Ann. §§ 44–312 to 44–340. *See In Re FedEx Ground Package Sys., Inc.,* 734 F.Supp.2d 557 (N.D.Ind. 2010).

After hearing oral argument, we certified two questions to the Kansas Supreme Court: (1) Given the undisputed facts presented to the district court in this case, are the plaintiff drivers employees of FedEx as a matter of law under the KWPA? (2) Drivers can acquire more than one service area from Fed Ex. Is the answer to the preceding question different for plaintiff drivers who have more than one service area? *Craig v. FedEx Ground Package Sys., Inc.,* 686 F.3d 423, 431 (7th Cir.2012). The court expresses its appreciation to the Justices of the Kansas Supreme Court for their willingness to answer these questions.

The Kansas Supreme Court answered "yes" to the first question and, as applied to the members of the certified class—drivers who "drive a vehicle on a full-time basis"—answered "no" to the second question. *Craig v. FedEx Ground Package Sys., Inc.,* 300 Kan. 788, 335 P.3d 66, 92–93 (2014) (per curiam). In responding to the questions, the court restated the twenty factors from *Crawford v. Kansas Dep't of Human Resources,* 17 Kan.App.2d 707, 845 P.2d 703 (1989), used to determine whether an employer-employee relationship exists. 335 P.3d at 74, 76. The court explained that the twenty-factor test "in-

cludes economic reality considerations, while maintaining the primary focus on an employer's right to control" and held that the test "is the tool to be used in Kansas to determine whether an employer/employee relationship exists under the KWPA." *Id.* at 76.

Upon receipt of the Kansas Supreme Court's answers to respective positions in light of those answers and decisions from other circuits issued after argument in our case. FedEx's understanding of the Kansas Supreme Court's decision strays from reality. The Kansas court restated the 20–factor test for determining employment status under the KWPA by eliminating ambiguous or duplicative descriptions; it did not enunciate a new test that requires further development of the factual record. The Kansas court stated a slightly different articulation of the 20–factor test, but the essence of the 20 factors remains the same.

And contrary to FedEx's view, the Kansas court's decision did not rest on whether FedEx exercises "actual control" over the plaintiff drivers. We repeat what the court actually said:

> The District Court in this case primarily focused on the OA's [Operating Agreement] statements of Fed–Ex's right to control the drivers, opining that the actual control that FedEx exercised over the drivers was not the question. But we consider the manner in which FedEx implemented the OA to be a compelling factor in determining the substantive question of the company's right to control its drivers.

*Id.* at 76 (citation omitted). This is simply another way of saying that FedEx's policies and procedures bear on its right to control the drivers, which is how the MDL court viewed the matter as well. *See, e.g., In re FedEx Ground Package Sys.,* 734 F.Supp.2d at 577 ("[T]he court finds it appropriate to review the policies and pro-

cedures that FedEx managers rely on when interacting with drivers to determine right to control. The court isn't required to turn a blind eye to Fed–Ex's procedures implemented on a class-wide basis."); *id.* at 579 ("The court can't make generalizations about the class ... from a review of the actual control FedEx exercised.... The court's analysis will focus on FedEx's right to control all drivers based on the Operating Agreement and generally applicable policies and procedures."); *id.* at 589 ("[T]he court is limited in determining whether FedEx retained the right to control. The court relies on the policies and procedures to the extent they show how FedEx implemented its authority as retained by the Operating Agreement."). The Kansas court's decision does not mandate an evidentiary inquiry into actual control. "Actual control" cannot even be found among the twenty factors used to determine whether an employer-employee relationship exists under the KWPA. *See* 335 P.3d at 76.

FedEx's other criticisms of the Kansas Supreme Court's decision are unavailing as well. For example, FedEx asserts that the Kansas court relied on the factual record in *Estrada v. FedEx Ground Package Sys.,* 154 Cal.App.4th 1, 64 Cal.Rptr.3d 327 (2007). However, the court's reference to *Estrada*'s commentary on FedEx's right to control under the OA was made to emphasize to the Kansas court's own conclusions. In addition, decertification of the class in the *Craig* case is neither required nor appropriate. FedEx dismissed its cross-appeal of the MDL court's class certification order in this case.

Not surprisingly, FedEx argues that we should not follow the Kansas Supreme Court's answers to the certified questions. FedEx argues that the Justices drew adverse inferences from the record against FedEx. But "a certified

question requires [the state court] to conduct purely legal analysis." *Nationwide Mut. Ins. Co. v. Briggs,* 298 Kan. 873, 317 P.3d 770, 772 (2014). "Certification would be a pointless exercise unless the state court's answers are regarded as an authoritative and binding statement of state law.... [T]he state answers are binding." 17A Charles Alan Wright et al., *Federal Practice and Procedure Jurisdiction* § 4248 (3d ed., updated Apr. 2015); *see Cnty. of Westchester, N.Y. v. Comm'r of Transp.,* 9 F.3d 242, 246–47 (2d Cir.1993) (rejecting the argument that state supreme court's decision addressing the particular circumstances of the case was not binding and stating that the decision was dispositive). FedEx simply disagrees with the Kansas Supreme Court's legal conclusions.

Other circuit courts have considered FedEx's relationship with its drivers, *see Carlson v. FedEx Ground Package Sys., Inc.,* No. 13–14979, 787 F.3d 1313, 2015 WL 3405994 (11th Cir. May 28, 2015) (reversing grant of summary judgment in favor of FedEx and concluding there was a genuine issue of material fact as to whether the drivers were employees or independent contractors under Florida law); *Slayman v. FedEx Ground Package Sys., Inc.,* 765 F.3d 1033 (9th Cir.2014) (reversing grant of summary judgment to FedEx and denial of partial summary judgment to plaintiffs, holding that the drivers were employees as a matter of law under Oregon law); *Alexander v. FedEx Ground Package Sys., Inc.,* 765 F.3d 981 (9th Cir. 2014) (same, but under California law); *FedEx Home Delivery v. NLRB,* 563 F.3d 492 (D.C.Cir.2009) (reversing agency decision that FedEx drivers were employees), but they applied different legal rules than applied under Kansas law.

■ The application of Kansas law to FedEx's relationship with its drivers has been authoritatively decided by the Kansas

Supreme Court: "under the undisputed facts presented, the FedEx delivery drivers are employees for purposes of the KWPA." *Craig,* 335 P.3d at 92. The Kansas Supreme Court's decision necessitates the reversal of the MDL court's grant of summary judgment in favor of FedEx and denial of the plaintiff drivers' summary judgment motion. Accordingly, we now REVERSE the MDL court's denial of the plaintiff drivers' motion for summary judgment and its grant of Fed–Ex's motion for summary judgment. The *Craig* case is REMANDED to the MDL court with instructions to enter judgment for the plaintiff drivers that they are employees of FedEx for purposes of the KWPA and for further proceedings consistent with this opinion, which ultimately may require a remand of the case to the Kansas district court for a determination of damages.